**In re Walter Aaron FARRELL and Delline Farrell, Debtors.**

**Bankruptcy No. 82–03431–S–11.**

United States Bankruptcy Court, W.D. Missouri, S.D.

April 16, 1984.

Harold F. Glass, Springfield, Mo., for Production Credit Assn.

Gary A. Love, Springfield, Mo., for debtors.

### ORDER DENYING MOTION FOR PHYSICAL EXAMINATION

JOEL PELOFSKY, Bankruptcy Judge.

At the hearing on the Plan the debtor revealed that he was being treated for bone marrow cancer and a kidney problem which did not require dialysis. Production Credit Association, a substantial creditor in this case, has moved the Court for a medical examination of the debtor pursuant to the provisions of Rule 7035, Rules of Bankruptcy Procedure.

At the hearing the debtor agreed to provide PCA's counsel with copies of medical records and reports. He objected to any physical examination. Rule 7035, which incorporates the provisions of Rule 35 of the Federal Rules of Civil Procedure applies in a contested matter such as the trial of an objection to confirmation of a plan. Rule 9014, Rules of Bankruptcy Procedure.

Rule 35 provides in part that:

"When the ... physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician ...."

The motion to require a physical examination is addressed to the sound discretion of the trial court. *Schlagenhauf v. Holder*, 379 U.S. 104, 120, 85 S.Ct. 234, 243, 13 L.Ed.2d 152 (1964). In that case the court held that:

"Rule 35, therefore, requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination ... has adequately demonstrated the existence of the rule's requirements of 'in contro-versy' and 'good cause' .... This does not, of course, mean that the movant must prove his case on the merits .... Nor does it mean that an evidentiary hearing is required in all cases .... It does mean, though, that the movant must produce sufficient information, by whatever means, so that ... [the trial] judge can fulfill his function mandated by the rule". 379 U.S. at 119, 85 S.Ct. at 243.

Here the debtor has offered to provide the medical records. In cases such as these, prediction as to the future is extremely tentative. At this point the court concludes that Production Credit Association has not made a sufficient showing of good cause to require a physical examination of the debtor in light of the other information provided. The question of the debtor's health is of significance since the plan of reorganization is to be carried out over a long period of time. But debtor is not a young person to begin with and there must always be a question as to whether anyone will survive a reorganization. It is not altogether clear that this Court must deal with so profound an issue in order to determine that a plan is feasible.

The Motion for Physical Examination is DENIED WITHOUT PREJUDICE to further consideration.